IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS POLICE AND FIRE PENSION SYSTEM, | § § § | |
| Plaintiff, | § § | Civil Action No.: 3:20-cv-00168 |
| v. | § § § | **JURY DEMANDED** |
| CITY OF DALLAS, | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now the Dallas Police and Fire Pension System ("DPFPS") and alleges as follows:

## I.
## INTRODUCTION

1. This is an action to recover pension contributions due from the City of Dallas (the "City") owed for periods of military service by police officers and firefighters. In 1994, Congress passed the Uniformed Services Employment and Reemployment Rights Act ("USERRA") to protect the employment rights of military service members upon their return from service. Among other things, USERRA provides a mechanism to protect service members' pension benefits so that they do not lose pension credit for time spent serving their country when they return to work. USERRA provides that upon reemployment, service members are entitled to credit for their time served for purposes of accrual of pension benefits upon making their required employee contributions to the pension plan.

2. Over time, the City of Dallas has had numerous police officer and firefighter employees that get called away from their jobs to serve in the military, resulting in gaps in their employment. Upon return to employment with the City, the service members have made their

PLAINTIFF'S ORIGINAL COMPLAINT – Page 1

employee contribution to DPFPS. DPFPS has provided the service members with corresponding credit toward their pension benefits as required by USERRA. However, despite repeated demands, the City has refused to make its required employer contributions, thereby forcing DPFPS to file this lawsuit.

## II.
## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction of DPFPS' claims herein under 28 U.S.C. § 1331.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and because Defendant resides in this district and the claims arose in this district.

## III.
## PARTIES

5. Plaintiff Dallas Police and Fire Pension System is a governmental pension system that provides pension and related benefits to members of DPFPS who are firefighters and police officers employed by the City of Dallas.

6. Defendant City of Dallas is a home rule municipality subject to the laws of the State of Texas. The City is headquartered in Dallas County, Texas, and may be served by serving the City Secretary, City of Dallas, Dallas City Hall, 1500 Marilla Street, Room 5 D South, Dallas, Texas 75201. As a political subdivision of the State of Texas, Defendant City of Dallas is treated as a private employer for the purposes of an enforcement action arising from USERRA.[1]

---

[1] 38 U.S.C. § 4323(i).

## IV.
## STATUTORY BACKGROUND

7. In 1974, Congress passed the Veterans Reemployment Rights Act of 1974 (VRRA), codified at 38 U.S.C. § 2021. The VRRA provided veterans with certain rights upon their return to the workforce and barred employment discrimination based upon their military service.[2] In 1994 Congress replaced VRRA with USERRA "to clarify, simplify, and where necessary strengthen the existing veterans' reemployment rights provisions."[3]

8. Among the protections provided by USERRA are provisions related to the pension benefits a servicemember receives from his civilian employer.[4] As a general matter, Section 4318 of USERRA provides that a servicemember's pension benefits will continue to accrue while he is on active duty:

> Each period served by a person in the uniformed services shall, upon reemployment ... be deemed to constitute service with the employer ... for the purpose of determining the nonforfeitability of the person's accrued benefits and for the purpose of determining the accrual of benefits under the plan.[5]

9. To that end, USERRA requires an employer to make contributions to the pension fund of a reemployed servicemember "in the same manner and to the same extent the allocation occurs for other employees during the period of service."[6] To determine the amount that an employer is required to contribute to a servicemember's pension plan while he is on active duty, USERRA provides as follows:

> [T]he employee's compensation during the period of service described in subsection (a)(2)(B) shall be computed—

---

[2] *See* Pub. L. No. 93-508.
[3] H.R. Rep No. 103-65(I), at 18 (1993) as reprinted in 1994 U.S.C.A.N. 2449, 2451.
[4] 38 U.S.C. § 4318.
[5] 38 U.S.C. § 4318(a)(2)(B).
[6] 38 U.S.C. § 4318(b)(1).

PLAINTIFF'S ORIGINAL COMPLAINT – Page 3

> (A) at the rate the employee would have received but for the period of service described in subsection (a)(2)(B), or

> (B) in the case that the determination of such rate is not reasonably certain, on the basis of the employee's average rate of compensation during the 12–month period immediately preceding such period (or, if shorter, the period of employment immediately preceding such period).[7]

10. To help ensure that employers would make the contributions prescribed by USERRA, Section 4318 also provides that "an employer reemploying a person under this chapter **shall…be liable to an employee pension benefit plan** for fund any obligation of the plan to provide the benefits described in subsection (a)(2) and shall allocate the amount of any employer contribution for the person in the same manner and to the same extent the allocation occurs for other employees during the period of service."[8]

11. Notably, the legislative history documented in both the House and Senate Reports discussing the Employee Pension Benefit Plan section explicitly confirm the intent of Congress to empower a pension fund provider with a federal cause of action to enforce an employer's funding obligations arising from Section 4318:

> Section 4316(b)(1)(A) is intended to provide the pension plan with a claim against the employer for amounts that may be required to fund obligations arising under this section.[9]

> New section 4317(b)(1) would provide that an employer reemploying an individual under chapter 43 will be liable to an employee benefit pension plan for funding any obligation of the plan to provide the benefits.[10]

---

[7] 38 U.S.C. § 4318(b)(3)(B).
[8] 38 U.S.C. § 4318(b)(1) – emphasis added.
[9] H.R. Rep. 103-65(I) at 36.
[10] S. Rep. 103-158, 1993 WL 432576 at 65.

PLAINTIFF'S ORIGINAL COMPLAINT – Page 4

12. In 2008, Congress enacted the Veterans' Benefits Improvement Act ("VBIA").[11] Among other things, the VBIA clarified that there is no limitations period for filing a claim under USERRA.[12]

13. Also, USERRA specifically supersedes any inconsistent or limiting state laws, provisions and agreements.[13]

## V.
## FACTUAL BACKGROUND

**The City's Obligation to Make Pension Contributions**.

14. DPFPS is a governmental pension system that provides pension benefits to police and fire employees of the City of Dallas. DPFPS is currently governed by Article 6243a-1 of the Texas Revised Civil Statutes.

15. Prior to September 6, 2017, Section 4.02(d) of Article 6243a-1 provided that the City shall contribute to DPFPS an additional 27½% of pay to police officers and firefighters ("City Contributions"). Under Article 6243a-1 and the Plan Document, if a member elects to enter the Deferred Retirement Option Plan ("DROP"), Member Contributions cease, but City Contributions continue until the member retires. Prior to September 6, 2017, Member Contributions for "Plan A" members of DPFPS were 6½% of pay. Prior to September 6, 2017, Member Contributions for "Plan B" members of DPFPS were 8½% of pay. On September 6, 2017, Member and City Contributions were increased to 13.5% and 34.5%, respectively.

16. Over time, at least 100 service members that were reemployed by the City following a period of military service made their member contributions for the time period they were on active duty. Collectively, these service members paid over $700,000.00 to DPFPS. These

---

[11] Pub. L. No. 110-389, 122 Stat 4145.
[12] 38 U.S.C. § 4327(b).
[13] 38 U.S.C. § 4302(b).

contributions and corresponding pension credits resulted in additional pension obligations by DPFPS to the members and their beneficiaries.

17. However, the City has refused to make its corresponding employer contributions for its police and fire service members for those time periods. The total contributions due from the City exceed $2,000,000.00.

## VI.
## CAUSE OF ACTION

### For Violation of 38 U.S.C. § 4318

18. The allegations in the preceding paragraphs are incorporated by reference.

19. 38 U.S.C. § 4318 requires that the City make employer contributions to DPFPS with respect to service members that are reemployed following leave for active duty who make their employee contributions.

20. Numerous service members that are also members of DPFPS have made their employee contributions following reemployment with the City after military leave.

21 The City has not made the corresponding employer contributions.

22. DPFPS has made demand to the City for the employer contributions required by 38 U.S.C. § 4318, but the City has refused.

23. DPFPS, its members and beneficiaries have been harmed by the City's failure to make its City Contributions for reemployed service members.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

a. That the Court order the City to pay City Contributions for reemployed service members;

b. That the Plaintiff recover pre-judgment interest at the applicable rate, along with costs of court; and

c. For such other and further relief at law and in equity to which DPFPS may be entitled.

## VIII.
## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: January 23, 2020.

> Respectfully Submitted,
> CALHOUN & ASSOCIATES
>
> */s/ Eric G. Calhoun*
> Eric G. Calhoun
> Texas Bar No. 03638800
> 1595 N. Central Expressway
> Richardson, Texas 75080
> Telephone: (214) 766-8100
> Facsimile: (214) 308-1947
> eric@ecalhounlaw.com
> egcla@ecalhounlaw.com (Assistant)
>
> ATTORNEYS FOR PLAINTIFF