UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS POLICE AND FIRE PENSION SYSTEM, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:20-CV-00168-X |
| CITY OF DALLAS, *Defendant.* | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

This case arises from the alleged non-payment of employer pension contributions. The plaintiff, Dallas Police and Fire Pension System (the Pension System), is a "governmental pension system that provides pension and related benefits to members of [the Pension System] who are firefighters and police officers employed by the city of Dallas."[1] The Pension System filed this suit against the City of Dallas, alleging that Dallas failed to make employer contributions for its police and fire service members while they were serving in the military. Dallas moved to dismiss the Pension System's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. No. 7]. After careful consideration, and as explained below, the Court **GRANTS** Dallas's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the Pension System's claims.

---

[1] Doc. No. 1 at 2.

1

I. Background

In 1994, Congress passed the Uniformed Services Employment and Reemployment Rights Act (the Act), codified at 38 U.S.C. § 4301. The purpose of the Act is "to encourage service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service[.]"[2] Section 4318 of the Act requires that when an individual serves in the uniformed services, and is then reemployed by his civilian employer, his or her service "shall . . . be deemed to constitute service with the employer or employers maintaining the plan for the purpose of determining the nonforfeitability of the person's accrued benefits . . . ."[3] To that end, the Act requires employers to make contributions to a pension "in the same manner and to the same extent the allocation occurs for other employees during the period of service."[4]

The Pension System alleges that service members that were reemployed by Dallas continued making member contributions (totaling over $700,000) during their military service to the Pension System, which "resulted in additional pension obligations by [the Pension System] to the members and their beneficiaries."[5] But the Pension System claims that Dallas "refused to make its corresponding employer contributions for its police and fire service members for those time periods."[6] These

---

[2] 38 U.S.C. § 4301(a)(1).

[3] *Id.* § 4318(a)(2)(B).

[4] *Id.* § 4318(b)(1).

[5] Doc. No. 1 at 6.

[6] *Id.*

purported "corresponding employer contributions" total over $2 million, which the Pension System now seeks to recover.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss a case for lack of subject-matter jurisdiction.[7]  "When a Rule 12(b)(1) motion to dismiss is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[8]  This is so because it prevents a court without jurisdiction from prematurely dismissing a plaintiff's claim with prejudice.[9]  A court may find lack of subject-matter jurisdiction in any of three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[10]  The party asserting jurisdiction (here, the Pension System) bears the burden of proof to establish that subject-matter jurisdiction exists.[11]

## III. Analysis

Dallas claims that the Pension System lacks standing to bring this suit because "ordinarily, under the general principles of standing, a litigant may not merely

---

[7] FED. R. CIV. P. 12(b)(1).

[8] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Because the Court finds that it lacks subject-matter jurisdiction, it need not reach the 12(b)(6) motion to dismiss.  Accordingly, the 12(b)(6) legal standard is omitted.

[9] *See id.*

[10] *See id.*

[11] *See id.*

champion the rights of another."[12]   The Court agrees.   Section 4323(f) of the Act outlines who has legal standing to bring a cause of action: "An action under this section may be initiated only by a person claiming rights or benefits under this chapter under subsection (a) or by the United States under subsection (a)(1)."[13]

When interpreting a statute, it is well-established that a court begins with the text.[14]  Only if the text of the statute is unclear does a court turn to legislative history.[15]  The Court finds that the text at issue here is clear; therefore, there is no need to consider legislative history.  Section 4323(f) is unambiguous; Congress "meant what [it] said, and [it] said what [it] meant."[16]  It states that only a *person claiming rights or benefits* has standing to institute an action.  The Pension System is not an aggrieved person.  Therefore, it is not a person claiming rights or benefits and lacks standing.

The Pension System urges the Court to consider the purpose of the Act and the policy implications of finding that it lacks standing to bring this suit.  According to the Pension System, if it lacked standing, then:

> for there to be an actionable [Act] claim for nonpayment of employer contributions, (1) the pension plan would have to violate [the Act] by denying pension credit, (2) the benefits would have to be due and payable, and result in actual reduced payments to members and (3) each

---

[12] *Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 248 (5th Cir. 2008) (quotation marks omitted).

[13] 38 U.S.C. § 4323(f).

[14] *See McLaurin v. Noble Drilling (US), Inc.*, 529 F.3d 285, 288 (5th Cir. 2008) ("'In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished.'" (quoting *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992))).

[15] *See United States v. Ridgeway*, 489 F.3d 732, 734 (5th Cir. 2007).

[16] *See Automation Support, Inc. v. Humble Design, L.L.C*, __ F.3d __, 2020 WL 7213492 at *2 (5th Cir. Dec. 8, 2020) (quoting DR. SEUSS, HORTON HATCHES THE EGG (1940)).

member would then have to sue both the pension plan for benefits and the employer for the contributions.[17]

The thrust of this argument is that the Court should allow perceived incompatibility with the Act's purpose and public-policy concerns to override the text of the statute. While the Court recognizes that the purpose of a statute plays a role in interpreting the text,[18] the Pension System's argument greatly inflates that (quite limited) role. And, more importantly, finding that the Pension System lacks standing does not controvert the Act's purpose because the plain text of the Act allows individuals with concrete injuries to sue. Additionally, the Act provides a statutory mechanism for aggrieved individuals to enforce their rights by allowing the Attorney General to represent them, so the Pension System's policy argument will not compel this Court to shirk its limited, constitutionally confined role.[19]

## IV. Conclusion

Because it finds that the Pension System lacks statutory standing, the Court need not consider whether it also lacks constitutional standing. It also need not—and should not—consider the 12(b)(6) motion to dismiss.

---

[17] Doc. No. 17 at 18.

[18] The meaning of the words in a statute are necessarily informed by the context, which, in turn, is informed to some extent by the purpose. *See, e.g.*, ANTONIN SCALIA & BRYAN GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 56 (1st ed. 2012).

[19] 38 U.S.C. § 4323(a) ("[T]he Attorney General may appear on behalf of, and act as attorney for, the person on whose behalf the complaint is submitted and commence an action for relief under this chapter for such person.").

The Pension System requested leave to amend its complaint. The Court DENIES leave to amend because it finds that, given the Pension System's lack of standing, amendment would be futile.[20]

For the foregoing reasons, the Court GRANTS Dallas's motion to dismiss for lack of subject-matter jurisdiction and DISMISSES WITHOUT PREJUDICE the Pension System's claim.

**IT IS SO ORDERED** this 11th day of December 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[20] *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013) (explaining that in deciding whether to grant leave to amend, the district court may consider the "futility of amendment").